Susan D. Kalra
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Phone (713) 426-3923
Fax (832) 900-4941
skalra@rameyfirm.com

*Attorneys for Autonomous IP, LLC*

JEREMY J. TAYLOR (SBN 249075)
jeremy.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St. Suite 3600
San Francisco, CA  94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

*Attorney for Defendant Lyft, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTONOMOUS IP, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LYFT, INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-03348-RFL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　　　Sept. 4, 2024<br>Time:　　　　10:00 AM<br>Courtroom:　15, 18th Floor<br>Judge:　　　Hon. Rita F. Lin<br>Amended Complaint Filed:   July 17, 2024 |

Plaintiff Autonomous IP, LLC ("AIP") and Defendant Lyft, Inc. ("Lyft") submit this Case Management Conference Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for all Judges of the Northern District of California titled "Contents of Joint Case Management Statement," and the Clerk's Notice Setting Case Management Conference, (Dkt. No. 22), in advance of the Case Management Conference scheduled for Sept. 4, 2024.

**1.    JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. Lyft agrees that personal jurisdiction and venue are proper. Lyft has been served, and Lyft does not contest service.

**2.    FACTS**

Lyft is a San Francisco, California-based company that provides one of the largest multimodal transportation markets in the United States and Canada, allowing independent drivers to provide rideshare services to individuals requesting transportation. Since 2012, Lyft has pioneered innovations aligned with its mission to improve people's lives with the world's best transportation.

AIP alleges that Lyft infringes U.S. Patent No 10,127,818 (the "Asserted Patent"). AIP filed its lawsuit on Feb. 19, 2024 in the District Court for the Western District of Texas. *Autonomous IP, LLC v. Lyft, Inc.*, No. 7-24-cv-00051 (W.D. Tex. Feb. 19, 2024), Dkt. No. 1. The case was transferred to this District on June 4, 2024.

Lyft does not infringe any claim of the Asserted Patent. Lyft filed a Motion to Dismiss AIP's original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 3, 2024. *See* Dkt. No. 24. On July 17, 2024, AIP filed its FAC. *See* Dkt. No. 24. Lyft plans to file a renewed Motion to Dismiss the FAC on Aug. 30, 2024.

In addition, a motion to dismiss challenging the validity of the Asserted Patent was filed by Tesla, Inc. in *Autonomous IP, LLC v. Tesla, Inc.*—a case involving the same plaintiff (AIP) and the same Asserted Patent as in the present case. *Autonomous IP, LLC v. Tesla, Inc.*, No. 7-24-cv-00025 (W.D. Tex. Jan. 24, 2024), Dkt. No. 12.

1   There is also a Patent Office proceeding challenging the validity of the Asserted Patent. *See* Reexamination Ser. No. 90/019,534 (*ex parte* reexamination of U.S. Patent No. 10,127,818). The reexamination was instituted by the Patent Office on July 5, 2024. *See* July 5, 2024 Order Granting Request for Ex Parte Reexamination in Reexamination Ser. No. 90/019,534 (*ex parte* reexamination of U.S. Patent No. 10,127,818). Because the pending motions to dismiss and the Patent Office reexamination proceeding have the potential of substantially impacting the present case, Lyft proposes entry of a formal schedule at a later case management conference and/or staying this case until the pending motions to dismiss and the Patent Office reexamination proceeding have resolved.

**3.   LEGAL ISSUES**

The parties currently believe that the principal disputed legal issues are:

- Whether Lyft has infringed the Asserted Patent;
- Whether the Asserted Patent is ineligible under 35 U.S.C. §§ 101;
- Whether the Asserted Patent is invalid under 35 U.S.C. §§ 102, 103, et seq.;
- The proper construction of claim terms in the Asserted Patent;
- A calculation of damages if AIP successfully establishes Lyft's alleged infringement
- Whether this case is exceptional under 35 U.S.C. § 285.

Lyft reserves the right to raise additional factual or legal issues that may arise throughout the course of this action.

**4.   MOTIONS**

On July 3, 2024, Lyft moved the court for an order dismissing AIP's original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* Dkt. No. 23. On July 17, 2024, AIP filed its FAC. *See* Dkt. No. 24. Lyft plans to file a renewed Motion to Dismiss the FAC on Aug. 30, 2024.

Lyft also anticipates dispositive motions will be filed in this case, including summary judgment motions that may address issues of patent non-infringement and/or infringement, and patent unenforceability and/or enforceability, and/or remedies. Lyft also reserves the right to file additional motions as the case develops and the need arises. No other motions are currently pending.

**5.   AMENDMENT OF PLEADINGS**

     AIP's Position:

     Plaintiff, Autonomous IP, LLC, reserves the right to amend the pleadings as required by the Court, changed facts, or if the Court grants Defendant's Motion to Dismiss. Otherwise, Plaintiff does not believe any amendment is necessary.

     Lyft's Position:

     AIP has already had an opportunity to amend its complaint. AIP's FAC contains deficient allegations as will be addressed in Lyft's forthcoming Motion to Dismiss. Lyft respectfully requests the Court to deny AIP another opportunity to amend its complaint.

**6.   EVIDENCE PRESERVATION**

     Plaintiff certifies it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the actions. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

     Lyft has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer with AIP pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.   DISCLOSURES**

     AIP and Lyft served its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) on Aug. 23, 2024, and Aug. 28, 2024, respectively. AIP and Lyft do not propose any change to the form or requirement for initial disclosures.

**8.   DISCOVERY**

     No discovery has been taken by either party yet.

     AIP anticipates discovery to support or defend against the legal issues identified in Section 3 *supra*. AIP agrees to the default discovery limits in the Federal Rules and intend to meet and confer on a stipulated e-discovery order. AIP does not currently have any discovery disputes.

     Lyft anticipates discovery to support or defend against the legal issues identified in Section

3 *supra*. Lyft agrees to the default discovery limits in the Federal Rules and intend to meet and confer on a stipulated e-discovery order. Lyft does not currently have any discovery disputes.

**9.    CLASS ACTIONS**

This litigation is not a class action.

**10.    RELATED CASES**

On Feb. 19, 2024, AIP filed its lawsuit in the District Court for the Western District of Texas alleging that Lyft infringes the Asserted Patent. *Autonomous IP, LLC v. Lyft, Inc.*, No. 7-24-cv-00051 (W.D. Tex. Feb. 19, 2024). The case was transferred to this District on June 4, 2024.

The Asserted Patent has been asserted in the following patent infringement actions currently pending in the Western District of Texas:

- *Autonomous IP, LLC v. Tesla, Inc.*, No. 7-24-cv-00025 (W.D. Tex. Jan. 24, 2024). Tesla, Inc. filed a Motion to Transfer Venue to the Northern District of California on May 20, 2024. *See* Dkt. No. 17. On June 3, 2024, AIP filed a Notice of Non-Opposition to Transfer Venue. *See* Dkt. No. 21. The case has not been transferred to this District yet.

**11.    RELIEF**

AIP's Position:

AIP seeks to start discovery and collect the evidence necessary to prove its case in chief.

Lyft's Position:

Lyft seeks that this Court grant its forthcoming Motion to Dismiss to AIP's FAC (to be filed on Aug. 30, 2024) with prejudice and enter judgment in Lyft's favor and against AIP as follows: (1) that Lyft and Lyft's products do not infringe and have not infringed, directly or indirectly, willfully, literally or under the doctrine of equivalents, the Asserted Patent; (2) for a finding that the Asserted Patent is invalid under at least 35 U.S.C. § 101 and 112; (3) for a finding that this case is exceptional under 35 U.S.C. § 285; (4) for Lyft's costs and reasonable attorneys' fees incurred in connection with this action, to be paid by AIP; (5) for an award of any and all equitable relief to which Lyft may be entitled; and (6) for such other and further relief to which Lyft may show itself to be entitled and/or as the Court may deem just and proper.

**12.    SETTLEMENT AND ADR**

Lyft and AIP have not engaged in formal ADR proceedings but have discussed possible case resolution and do not believe a formal ADR process is needed at this time.

AIP believes a formal settlement conference may be helpful after *Markman* proceedings.

**13.    OTHER REFERENCES**

AIP's Position:

The case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time but maybe after *Markman* proceedings.

Lyft's Position:

Lyft agrees this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

Lyft does not currently request any bifurcation of issues, claims, or defenses. Lyft has not presently identified any issues that can be narrowed. Lyft will work in good faith to address narrowing of any issues as discovery proceeds and the issues become clearer. Lyft anticipates that it may file one or more motions for summary judgment or adjudication at the appropriate time that may narrow the issues in this case. Lyft also anticipates that it will file motions *in limine* and may file stipulated facts at the appropriate time that will further expedite the presentation of evidence at trial.

**15.    SCHEDULING**

In light of the pending motions to dismiss and the recently instituted *ex parte* reexamination proceeding and the high likelihood that the proceeding will substantially impact this case, Lyft proposes not setting a schedule until resolution of the reexamination and pending motions to dismiss.

On July 25, 2024, the PTAB instituted the *ex parte* reexamination of the Asserted Patent. *See* Reexamination Ser. No. 90/019,534 (*ex parte* reexamination of U.S. Patent No. 10,127,818). Further, there is a pending motion to dismiss involving the Asserted Patent which challenges the validity of the Asserted Patent. *Autonomous IP, LLC v. Tesla, Inc.*, No. 7-24-cv-00025 (W.D. Tex. Jan. 24, 2024), Dkt. No. 12. Additionally, Lyft will file a motion to dismiss in this Court on Aug.

30, 2024, challenging the validity of the patent. In light of the high probability that some or all of these proceedings will have an impact on the validity and/or scope of the claims of the Asserted Patent and that even if not found entirely invalid, the claims may be amended, Lyft respectfully requests—in the interest of justice and expediency—not setting a case schedule until resolution of the reexamination and motions to dismiss. AIP does not agree a stay is necessary as it is not likely any claim will be invalidated.

**16.   TRIAL**

The parties believe that this case should be tried to a jury and the trial should take no more than five days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

AIP filed its "Certification of Interested Entities or Persons" on Feb. 19, 2024. Dkt. No. 4.

Lyft will file its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   OTHER MATTERS**

AIP and Lyft have not consented to have a United States magistrate judge conduct all proceedings in this case.

**20.   PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(b)**

   **a.   Proposed Modification of the Deadlines Provided for in the Patent Local Rules**

In light of the high probability that the pending motions to dismiss and/or the pending reexamination will have an impact on the validity and/or scope of the claims of the Asserted Patent and that even if not found entirely invalid, the claims may be amended, Lyft respectfully requests—in the interest of justice and expediency—not setting a case schedule until resolution of the motions to dismiss and the reexamination. AIP does not oppose this request, provided it has the opportunity to amend.

   **b.   Discovery Related to Claim Construction**

1    Discovery related to claim construction will be subject to the limitations proposed for
2  discovery generally in Section 8 *supra*.
3    **c.     Format of the Claim Construction Hearing**
4    The parties expect that 4 hours will provide sufficient time to conduct the claim construction
5  hearing.  The parties defer to the Court regarding the order of presentation that the Court will find
6  most helpful.
7    **d.     How the Parties Intend to Educate the Court on the Technology at Issue**
8    The parties propose providing the Court each a brief technology tutorial in conjunction with
9  the claim construction hearing, as needed.
10   **e.     Good-Faith Damages Estimate**
11   AIP's Position:
12   AIP is still calculating damages but under 35 USC §284, such damages are a reasonable
13 royalty of at least $1 million, but AIP reserves the right to supplement this upon expert disclosures.
14   Lyft's Position:
15   Lyft incurred damages related to defending against AIP's implausible allegations and
16 improper litigation tactics, including costs and fees for preparing and filing Lyft's initial and
17 renewed Rule 12 motions to dismiss.

Dated:  August 28, 2024            Respectfully submitted,

                                             */s/ Susan D. Kalra*
                                             Susan D. Kalra
                                             RAMEY LLP
                                             303 Twin Dolphin Drive, Suite 600
                                             Redwood City, CA 94065
                                             Phone (713) 426-3923
                                             Fax (832) 900-4941
                                             skalra@rameyfirm.com

                                             *Attorneys for Autonomous IP, LLC*


                                             */s/ Jeremy J. Taylor*
                                             Jeremy J. Taylor (SBN 249075)
                                             jeremy.taylor@bakerbotts.com
                                             **BAKER BOTTS L.L.P.**
                                             101 California St. Suite 3600
                                             San Francisco, CA 94111
                                             Telephone: 415.291.6200
                                             Facsimile: 415.291.6300

                                             *Attorney for Defendant, Lyft, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28